IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:06CR133 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HARVEY LEE FREEMONT, JR., and ) | ORDER |
| JOHN DAVIDSON, ) | |
| ) | |
| Defendants. ) | |

This case is before the court on the defendant John Davidson's Motion to Sever Counts I and II and to sever defendants' trials [18]. The government opposes the motion.

Davidson was indicted [1] on May 16, 2006 in Count II of a two-count indictment which charges him and a co-defendant, Harvey Lee Freemont, Jr., with burglary, in violation of Title 18, U.S.C. § 1153 and Neb. Rev. Stat. § 28-507. The charge carries a possible maximum penalty of twenty years imprisonment, a fine not to exceed $250,000, three years supervised release, and a $100 special assessment. In Count I of the Indictment, Freemont is charged with manslaughter while operating a motor vehicle under the influence of alcohol, in violation of Title 18, U.S.C. § 1153 and 1112. If convicted, Freemont is exposed to a penalty of imprisonment of up to six years, a fine not to exceed $250,000, three years supervised release, and a $100 special assessment.

## ANALYSIS

Davidson seeks to sever Counts I and II and to sever his trial from his co-defendant, contending that he would be prejudiced by the joinder because the jury may be improperly prejudiced against Davidson due to Freemont's manslaughter charge and the graphic nature of the evidence on the manslaughter count.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that, "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." As the court recognized in <u>Zafiro v. United States</u>, 113 S.Ct. 933, 937 (1993), "there is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital rule in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." However, Federal Rule of Criminal Procedure 14 reflects the recognition that joinder, even when proper under Rule 8(b), may prejudice either the defendant or the government. For that reason, Rule 14 provides, "[I]f it appears that a defendant or the government is prejudiced by a joinder of ... defendants ... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires."

Davidson alleges that he will be improperly prejudiced due to the nature of the manslaughter charge against Freemont and possible graphic evidence. The evidence in this case will show that Davidson, Freemont, and Logan Parker were allegedly involved in a home burglary that was interrupted when the owner of the home returned and Davidson, Freemont, and Parker fled the scene in a vehicle allegedly driven by Freemont, with the homeowner in pursuit. While being followed by the homeowner, the Freemont vehicle crashed resulting in the death of Logan Parker.

It is clear from the allegations that the events alleged in both Counts I and II are part of the same series of acts which constitute the charged offenses or flight from the charged offenses. Additionally, Davidson has failed to show how the evidence would prejudice him,

that this case is unusually complex, or that the facts would be difficult for a jury to compartmentalize. I find that a cautionary instruction informing the jury to give separate consideration of the evidence about each individual defendant and each individual charge should be sufficient in this case. See, United States v. Ghant, 339 F.3d 660, 666 (8th Cir. 2003); see also, Zafiro, 506 U.S. at 539. Despite the different facts affecting the involvement of each defendant to each of the charges, I believe that a jury will be able to compartmentalize the relevant evidence against each of the defendants. See, United States v. Kuenstler, 352 F.3d 1015, 1024 (8th Cir. 2003). Also, see, United States v. Boone, 437 F.3d 829 (2006). Therefore, I conclude that the motion to sever should be denied based on the defendant's failure to show prejudice.

Davidson also raises the issue that he will be prejudiced by the joinder with Freemont because the jury will be improperly prejudiced by the admission into evidence of statements made by Freemont. See, Bruton v. United States, 391 U.S. 123 (1968), wherein the United States Supreme Court held that the admission in a joint trial of a non-testifying co-defendant's confession expressly implicating the defendant, violated the defendant's right under the Sixth Amendment to confront the witness against him. However, more recently the United States Supreme Court has held that, "the confrontation clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." See, Richardson v. Marsh, 481 U.S. 200, 211 (1987). I find the motion should be denied as there is no evidence in the record that statements by Freemont, if offered, could not be redacted to satisfy the Bruton issue.

**IT IS ORDERED:**

1. The defendant's Motion to Sever [18] is denied.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law***. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

Dated this 7th day of June 2006.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge
